462

BARR, A MINOR, ET, PLAINTIFF-APPELLANT, *v.* GUNDERSON, ET, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Lake County.

No. 677. Decided January 22, 1963.

*Messrs. Roemisch & Wright*, for plaintiff-appellant.
*Messrs. Lambros & Simmons*, for defendants-appellees.

(SKEEL, J., of the Eighth District, sitting by assignment in the Seventh District.)

DONAHUE, J. Plaintiff sued defendant in the municipal court for damages as a result of being bitten by defendant's dog.

In the course of events, several things developed prior to trial time. Defendant filed an answer, then an interrogatory, claiming the answers were needed to properly prepare a defense. Answers were ordered. Plaintiff secured leave to file the answers on a specified date. In the meantime, the court, apparently in the honest desire to expedite matters set the date of hearing, for several days prior to the date set for answer to the interrogatories. Plaintiff's counsel was notified but for several reasons which we consider unimportant, plaintiff's counsel did not ask for continuance until the day before that set for the hearing. Defense counsel objected and the court refused to continue the case. Thereupon plaintiff's counsel refused to proceed.

The court decided to proceed without plaintiff and allowed defense to produce evidence. At the conclusion thereof, the court entered judgment, without a jury, for plaintiff in the amount of $15.00.

Plaintiff's only objection is as to the entering of this judgment. Plaintiff admits—in fact he asserts that the court, under the statute, could have dismissed his cause, without prejudice, for failure to prosecute. But he maintains the court could not proceed to try the case without him.

It may be noted, that plaintiff himself could easily have availed himself of the statute by merely dismissing his petition at any time before judgment, but for reasons known only to his attorney, he did not choose to do so.

At the time the case was called, we may assume that the parties were in equipoise, due to their pleadings. Defendant was entitled to answers to his interrogatories before proceeding. But this was a right accruing to him and he could waive it any time he wished. By agreeing to proceed, he did so.

The next question is, could the court then proceed to hear evidence from defense, in favor of plaintiff. Defendant could, of course, have confessed judgment. He did not do so.

And so, prior to any evidence and on the pleadings alone, no case of any sort had been proven and it became plaintiff's duty to prove his case, by the preponderance of the evidence. If he

464

failed to do so, whether by failure to produce sufficient evidence or failure to produce any evidence he had then not proven his case by a preponderance.

Could defendant then produce the evidence and prove plaintiff's case?

If there is any statute providing this, or any case approving such procedure, our attention has not been called to them. And we have not located any.

In the complete absence of plaintiff, what would be the situation. Defendants are not notable as favorably inclined witnesses for plaintiffs. In fact, there is a deep, dark suspicion that if they might be inclined to bend the truth in any way, it will not be in favor of the opposition.

Therefore we cannot place our stamp of approval on a procedure which comes close to opening the door to legal fraud.

The statute is specific as to what happens when a plaintiff fails to appear to prosecute his claim, when called to trial. The court may dismiss without prejudice. The alternative is granting the requested continuance. He may not invent a new procedure, regardless of provocation, to punish the plaintiff for failing to proceed as ordered.

Judgment reversed and remanded for further proceedings according to law.

BROWN, P. J., and SKEEL, J., concur.